IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| TITLE TRADING SERVICES USA, INC. | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** |
| ARINDAM KUNDU, COASTAL MANAGEMENT LLC, MARC PRESTON, SYED SAIF ASHRAF, DEREK CHIU, and ELIOT T. SMITH, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

1. Plaintiff Title Trading Services USA, Inc. ("_Title Trading_," "_Title_" or "_Company_") respectfully submits this, its Motion for Expedited Discovery ("_Motion for Expedited Discovery_") filed in connection with Plaintiff's Application for a Temporary Restraining Order, Preliminary Injunction and Limited Asset Freeze (the "_Application for TRO_"). This Application is being filed simultaneously with the filing of Plaintiff's Verified Complaint commencing this case, verified by the President of Title Trading, George Elio.

2. The bases for this Application are fully set forth in Plaintiff's accompanying Memorandum of Law in Support (the "_Memorandum_"), as well as the Declarations of (a) Seif El Kilany ("_SEK_"), Head of Global Trading Services of Title Trading (the "_Dec. SEK_"); (b) Razvan Herdea, a programmer and writer of trading software codes for Title Trading ("_Dec. RH_"); and (c) George Elio, President of Title Trading ("_Dec Elio_") (collectively, the "_Declarations_") which are filed in connection with the Application for TRO. The Verified Complaint, Memorandum, Application for TRO and Declarations filed in connection with the Application for TRO are fully incorporated by reference herein.

1

# I.
# INTRODUCTION

3. As fully set forth in the Verified Complaint, Memorandum and Declarations, the principals of Title Trading recently received a very disturbing call from an anonymous caller alerting Title Trading to the fact that an enormous scheme to misappropriate Title Trading's highly confidential data, information, and trading strategies and technology was not only underway, but it had been going on for quite some time, at least since 2011. The anonymous phone caller discussed in detail the activities of Title's fiduciary and agent, Arindam (Ari) Kundu ("*Kundu*"), being undertaken with Coastal Management LLC ("*Coastal*") and its principal owner, Marc Preston ("*Preston*"), among others. The anonymous caller revealed information about the actions of Kundu, Coastal and others that only someone with actual knowledge of these activities could have. The caller alerted Title to the fact that it was being pillaged.

4. Title Trading thereafter conducted an internal investigation in which, through examining Company-owned computers on Company premises, Title Trading determined that Kundu, Title Trading's erstwhile trusted fiduciary, was indeed the mastermind of a massive conspiracy designed for the sole and express purpose of engaging in a surreptitious and systematic theft and illicit use of the Company's intellectual property.

5. As set forth in the Verified Complaint, Memorandum and Declarations, among other things, Kundu and his "team" were supplying copies of Title Trading's proprietary trading strategies and technology and the Coastal "team" was putting up $20,000,000 of buying power, hosting high speed computers and providing technological support all in partnership to exploit for themselves Title Trading's assets. Having gathered the evidence, Title Trading confronted Kundu with its findings, and Kundu confessed to his crimes. When Kundu was asked by Title's

2

general counsel how much in illicit profits he generated last year with Title's strategies, Kundu hundreds of thousands of dollars of profit. Further, Kundu promised cooperation, where he was going to return profits and trading software that he predictably has not honored.

6. Title Trading has brought this action to salvage what it can of its existing computer codes and trading strategies, technology and other assets that have been brazenly stolen and used by the Defendants.

## II.
## RELIEF SOUGHT

7. As fully set forth in the Application for TRO, Title Trading has requested a TRO be issued immediately, and thereafter a Preliminary Injunction, applicable to Arindam Kundu, Coastal Management LLC, Marc Preston, Syed Saif Ashraf, Derek Chiu, and Eliot T. Smith (herein collectively called the "*Defendants*").

8. Plaintiff further requests in this Motion for Expedited Discovery that expedited discovery be permitted to take place as fully set forth in the Memorandum in conjunction with the Application for TRO.

## III.
## LEGAL STANDARDS FOR EXPEDITED DISCOVERY HAVE BEEN MET

9. Where a party shows good cause, the Federal Rules of Civil Procedure give the Court discretion to modify the discovery process. FED. R. CIV. P. 26(b). Although the Federal Rules do not specifically address expediting discovery, a number of courts across the United States have developed standards on when it is permissible. *See, e.g., CIENA Corp. v. Jarrard*, 203 F.3d 312, 315 (4th Cir. 2000). *See also*, *Dimension Data North Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 530-32 (W.D.N.C. 2005).

# IV.
# CONCLUSION

10. For the foregoing reasons, Plaintiff's Motion for Expedited Discovery should be granted.

>Respectfully submitted,
>
>  /s/  Eric H. Cottrell
> Eric H. Cottrell
> N.C. State Bar No. 21994
> Parker Poe Adams & Bernstein LLP
> Three Wells Fargo Center
> 401 South Tryon Street, Suite 3000
> Charlotte, North Carolina 28202
> Telephone: (704) 372-9000
> Facsimile: (704) 334-4706
> ericcottrell@parkerpoe.com
> *Attorney for Plaintiff Title Trading Services USA, Inc.*

Ben C. Broocks *(pro hac pending)*
Texas Bar No. 03058800
bbroocks@broockslawfirm.com
8704 Mendocino Drive
Austin, Texas  78735
(512) 201-2000
(512) 201-2032 - Fax

**Declaration for *Ex Parte* Relief**

Pursuant to Fed. R. Civ. P. Rule 5(a)(1)(D), no service of a written motion is necessary when the motion may be heard *ex parte*. Pursuant to Fed. R. Civ. P. Rule 65(b)(1), the undersigned counsel for Plaintiff Title Trading Services USA, Inc. ("*Title Trading*") certifies that notice to the defendants of Title Trading's Plaintiff's Motion for Expedited Discovery should not be required and that the motion should be heard *ex parte*. This is based, in part, upon the statements set forth in the Declaration of the President of Title Trading, George Elio filed in conjunction with the Application. In that Declaration, Mr. Elio chronicles facts that lead a reasonable person to conclude that a lengthy and ongoing conspiracy knowingly engaged in has taken place to harm Title Trading. Hence, there is heightened concern for further dishonesty, given the extended and prolonged period within which these acts occurred and the extensive nature of these acts. Mr. Elio further chronicles that Kundu is a citizen of India who should be required by law to return to India unless he has found other employment. Furthermore, Kundu has been working with another individual named Mutawaqqil Billah who Mr. Elio states is either from Bangladesh or Sri Lanka. Mr. Elio has stated in his Declaration that he believes there is a great risk that the trade secrets identified could be taken out of the country and/or duplicated, making the risk of controlling future dissemination much more difficult. The undersigned believes that these concerns are well founded and justify no prior notice being given of the Application. Although Mr. Kundu is known by the undersigned to have counsel in this case, if Kundu and/or his confederates understand before an Order is entered that an Order is being sought, it may make them more likely to either or both (a) flee the country to avoid service of process and/or (b) make and disseminate copies of Title Trading's trade secret before the Order is received so they can shield themselves from the consequences of these actions should they occur after the Order is entered. It is further the undersigned's belief that the relief requested in the Application should not impair or impact any of the Defendants' except to the extent it deals with the property of Plaintiff Title Trading.

This 29th day of April, 2014.

/s/ Eric H. Cottrell