IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TITLE TRADING SERVICES USA, INC. § § Plaintiff, § § vs. § § ARINDAM KUNDU, COASTAL § MANAGEMENT LLC, MARC PRESTON, § SYED SAIF ASHRAF, DEREK CHIU, and § ELIOT T. SMITH, § § Defendants. § § § | **ORDER GRANTING EXPEDITIED DISCOVERY** JURY TRIAL DEMANDED |

1. Pending before the Court is the Motion of Title Trading Services USA, Inc. ("*Title Trading*," "*Title*" or "*Company*") for Motion for Expedited Discovery ("*Motion for Expedited Discovery*") filed in connection with Plaintiff's Application for a Temporary Restraining Order, Preliminary Injunction and Limited Asset Freeze (the "*Application for TRO*").

2. The bases for this Application are fully set forth in Plaintiff's accompanying Memorandum of Law in Support (the "*Memorandum*"), as well as the Declarations of (a) Seif El Kilany ("*SEK*"), Head of Global Trading Services of Title Trading (the "*Dec. SEK*"); (b) Razvan Herdea, a programmer and writer of trading software codes for Title Trading ("*Dec. RH*"); and (c) George Elio, President of Title Trading ("*Dec Elio*") (collectively, the "*Declarations*") which are filed in connection with the Application for TRO. The Verified Complaint, Memorandum, Application for TRO and Declarations filed in connection with the Application for TRO are fully incorporated by reference herein.

1

3. Where a party shows good cause, the Federal Rules of Civil Procedure give the Court discretion to modify the discovery process. FED. R. CIV. P. 26(b). Although the Federal Rules do not specifically address expediting discovery, a number of courts across the United States have developed standards on when it is permissible. *See, e.g., CIENA Corp. v. Jarrard*, 203 F.3d 312, 315 (4th Cir. 2000). *See also*, *Dimension Data North Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 530-32 (W.D.N.C. 2005). The Court has considered the Motion as well as the pleadings on file, the evidence, the arguments of the parties and the applicable law. For the reasons set forth hereafter, the Court finds and determines that Plaintiff Title Trading has demonstrated good cause, and therefore the Motion is GRANTED, subject to the terms and conditions of this Order.

4. IT IS THEREFORE ORDERED with respect to Defendant Kundu:

(a) that Defendant Kundu appear for a video taped deposition within five days of service of a notice for such deposition, at which Defendant Kundu shall produce all embodiments of any or all Title Trade Secrets, Kundu Generated IP, Implementing Software and Execution Software, however embodied that he may possess or control;

(b) within two days of service of this Order, Defendant Kundu shall deliver to Title Trading's computer forensic consultants for imaging, and/or permit Title Trading's computer forensic consultants to come on to the premises to image,

　　i. all computers, hard drives, and electronic storage devices (including without limitation thumb drives and other removable media), and specifically including cell phones, personal data assistants and blackberries, used by Defendant Kundu wherever located (but specifically including without limitation such devices located at his residence, any places of work for Defendant Kundu); and

　　ii. any user or shared electronic files and e-mail files, including both live and backup or archived files, containing files and e-mail used, stored, sent or

2

> received by Defendant Kundu during and after his employment with Title Trading,

with such consultants to exclude and guard against production of all clearly personal communications or communications that are to or from an attorney;

(c) Title Trading's representatives shall be permitted reasonable access to Defendant Kundu's personal e-mail accounts to which he sent Title Trading's information, including, without limitation, his account at arindam.kundu@gmail.com, in order to compile an inventory of all Title Trading related information forwarded to Defendant Kundu's personal e-mail accounts and to provide a copy to the parties and the Court solely for use in this litigation;

5. **IT IS THEREFORE FURTHER ORDERED** with respect to Defendants Coastal and Preston:

(a) Title Trading shall be permitted to serve discovery on Defendants Coastal and Preston concerning their dealings with Defendant Kundu, which discovery (i) may request and deal with all embodiments of any or all Title Trade Secrets, Kundu Generated IP, Implementing Software and Execution Software, however embodied that they may possess or control and (ii) such Defendants are required to fully respond to within 7 days of service;

(b) Further, Title Trading shall be allowed 30(b)(6) videotaped depositions from Defendant Coastal within 7 days of notice; and

(c) that Defendant Preston appear for a videotaped deposition within five days of service of a notice for such deposition, at which Defendant Preston shall produce all embodiments of any or all Title Trade Secrets, Kundu Generated IP, Implementing Software and Execution Software, however embodied, that he may possess or control.

6. For purposes of this Order, the following terms shall have the following meanings (whether embodied in hard copy, electronic form, computer-readable storage media, or cloud-based storage):

3

(a) all property, data, confidential and/or proprietary information and trade secrets of Title Trading ("Title Trade Secrets");

(b) all confidential and/or proprietary information and trade secrets created or conceived by Kundu, whether or not shared with the other Defendants, while he was employed at Title (herein called "Kundu Generated IP");

(c) all trading strategies obtained by, from or as a result of Kundu, which (i) involve trading "opening and closing orders" regarding "imbalances" which may exist on various exchanges with regard to various stocks (herein called "symbols"); (ii) analysis of data disseminated by the exchanges about the different "symbols" on which an imbalance exists; and (iii) the filtering of such data through algorithms to produce any of a ranking of these symbols, or a review and/or comparison of the symbols against risk and exposure parameters, or a "weigh" and "size" of symbols (collectively called "Title Trading Strategies");

(d) any source codes and/or computer programs obtained by, from or as a result of Kundu, which automate the processes involved in effectuating, utilizing and/or implementing any of the Title Trade Secrets, Kundu Generated IP, and/or Title Trading Strategies (collectively called "Implementing Software"); and

(e) any source codes and/or computer programs obtained by, from or as a result of Kundu, which execute transactions which have been based on any Title Trade Secrets, Kundu Generated IP, Title Trading Strategies, and/or Implementing Software (herein called the "Execution Software).

IT IS SO ORDERED.

Signed this __ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE

4
Case 3:14-cv-00225-RJC-DCK   Document 7-1   Filed 04/29/14   Page 4 of 4