# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-225-RJC-DCK

| | |
|---|---|
| **TITLE TRADING SERVICES USA, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ARINDAM KUNDU, COASTAL MANAGEMENT, LLC, MARC PRESTON, SYED SAIF ASHRAF, DEREK CHIU, and ELIOT T. SMITH,** ) <br> ) <br> **Defendants.** ) | **ORDER** |

**THESE MATTERS** come before the Court on Defendant Arindam Kundu's Motion to Dismiss Complaint and Quash Service of Process, (Doc. 32), and Plaintiff's Motion to Serve Defendant Through Alternate Means, (Doc. 47). Additionally, Plaintiff has moved this court for clarification as to the present status of injunctive relief. (Doc. 54). They are ripe for review.

## I. BACKGROUND

Plaintiff, a financial technology and principal trading firm, filed suit in this Court on April 29, 2014. Specifically, Plaintiff alleged that Defendants misappropriated its property, namely the RefArb Trading Strategy and computer source code associated with it. (Doc. 1). In addition to demanding a jury trial, Plaintiff moved for equitable relief, including enjoining Defendants from using any proprietary information obtained from Plaintiff. On May 2, 2014, this Court issued an order restraining Defendants, under 65(b) of the Federal Rules of Civil Procedure, from all use of Plaintiff's intellectual property, to include its Implementing Software

and Executive Software.

After one extension of the restraining order, the Court conducted a hearing on May 29, 2014 to determine whether to convert the restraining order into a preliminary injunction. At the time of the hearing, proof of service of process had been entered against Defendants Preston, Coastal Management (Coastal), Chiu and Ashraf. Only Preston, Coastal, and Title Trading were represented by counsel at the hearing. No other Defendants appeared at the hearing personally or through counsel.

At the hearing, this Court recognized that Plaintiff had made a sufficient showing for a preliminary injunction, but recognized the limits on the Court's authority to extend injunctive relief of indeterminate duration against parties whom had not been served. Plaintiffs announced that they had reached an agreement with Defendants Preston and Coastal to a stipulation adopting the terms of the temporary injunction. The Court noted that it would adopt the terms of the stipulation as a preliminary injunction of this Court.

Following the hearing, Plaintiff entered into stipulations with four of the six defendants. On May 30, 2014, Plaintiff entered into a stipulation with Coastal Management and Preston, agreeing to abide by the terms contained in the restraining order issued by this Court, but allowing Defendants to move to dismiss for lack of personal jurisdiction. (Doc. 22). Plaintiff later entered into similar stipulations with Defendants Chiu and Ashraf. (Docs. 41, 42).

At present, only Kundu and Smith have not been served. Having failed to serve Kundu through various methods, Plaintiff now moves this Court to serve him through alternative means, namely through email or through his counsel. (Doc. 54). Plaintiff contends that Kundu has relocated to India and that it would be unable to serve him through conventional means.

2

## II. ANALYSIS

### A. Injunctive Relief

Rule 65(a) of the Federal Rules of Civil Procedure establishes that a court "may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Because a preliminary injunction is unlimited in duration, its entry "always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction." Ciena Corp v. Jarrard, 203 F.3d 312, 319 (4th Cir. 2000) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 433 (1974)). The Fourth Circuit has held that service of process is a prerequisite for the issuance of an enforceable preliminary injunction. R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 958 (4th Cir. 1999). Absent proper service of process, a court lacks personal jurisdiction over a defendant and therefore any injunctive relief is not enforceable. Gilchrist v. Gen. Elec. Capital Corp., 262 F.3d 295, 301 (4th Cir. 2001).

The Court has adopted the respective stipulations entered into by the parties and regards them as enforceable under their own terms. As to Defendants Kundu and Smith, the Court recognizes that Plaintiff has thus far made a sufficient factual showing to satisfy a preliminary injunction; however, the Court lacks personal jurisdiction over the parties sufficient to enforce a preliminary injunction. Once those Defendants have been properly served, the Court will, if requested, revisit Plaintiff's request for a preliminary injunction as to those parties.

### B. Service of Process

Defendant Kundu, through counsel, moves to quash the service of process on the grounds

that he resides in India and that Plaintiff has not attempted to secure service of process in accordance with the Hague Convention, to which India is a signatory, and which is required under Rule 4(f). FED. R. CIV. P. 4(f). Plaintiff, in contrast, moves this Court to allow service of process through alternate means such as email or service upon Kundu's counsel.

In order to serve process on an individual in a foreign country, a plaintiff must comply with Rule 4(f) as well as constitutional due process requirements. FED. R. CIV. P. 4(f). Rule 4 governs service of process of defendants in foreign countries and allows for service "by internationally agreed means of service that is reasonably calculated to give notice," FED. R. CIV. P. 4(f)(1), or "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Courts have interpreted Rule 4(f)(3) to allow for any means of service that provides reasonable assurance that the defendant will be provided notice of the lawsuit, and is not prohibited by an international agreement. See BP Prods. N. Am., Inc. v. Dagra, 232 F.R.D. (E.D.Va.2005) (citing Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002).

The United States and India are signatories to the Hague Service Convention, which provides that service of process proceed via a Central Authority within that country. Article 10 of the Convention allows for service through alternative means such as "postal channels" and "judicial officers," provided that the destination state does not object to those means. Hague Convention on Service Abroad of Judicial and Extrajudicial Documents art. 10, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Service via email is not addressed by Article 10; nor has India specifically objected to such service. Several courts have allowed for such service, holding that it did not violate any international agreement, where the objections of the recipient nation are

4

limited to those means enumerated in Article 10.  See, e.g., Gurung v. Malhotra, 279 F.R.D. 215, 220 (S.D.N.Y. 2011); Federal Trade Commission v. PCCARRE247 Inc., No. 12-cv-7189-PAE, 2013 WL 841037 (S.D.N.Y. March 7, 2013).

Due process is satisfied where the means of service provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Central Hannover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Service by email is therefore reasonable where a plaintiff demonstrates that email is likely to reach the defendant.  Plaintiff submitted documentary evidence that Defendant Kundu actively uses the email address arindam.kundu@gmail.com, and has been in communication with his counsel through that address.  Plaintiff has likewise submitted evidence to support a finding that it has sought to effect service through various means within the United States, but has been unable to do so.  Plaintiff likewise states plausibly that service via conventional means in India is unlikely to occur.  Accordingly, the Court finds that service through email does not violate an international agreement, and comports with due process requirements.  For this reason, Plaintiff's motion to serve Defendant Arindam Kundu through email is **granted**.  Plaintiff shall have fourteen (14) days following the issuance of this order to effect such service.

Finally, Plaintiff may also attempt to serve Kundu through his counsel in the United States.  Where a defendant has a U.S. lawyer who has entered an appearance on his behalf and the notice of service need not be transmitted abroad, the Convention is not deemed to apply.  See e.g., Richmond Technologies, Inc. v. Aumtech Business Solutions, No. 11-CV-02460-LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011); Gramercy Insurance Co. v. Kavanaugh, No. 3:10-

CV-1254-D, 2011 WL 1791241 (N.D. Tex. May 10, 2011). Plaintiff's motion to serve Arindam Kundu through his counsel, Marc Gustafson, is **granted**.

III. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Serve Defendant Arindam Kundu through Alternate Means (Email), (Doc. 47), is **GRANTED** and the parties may serve process through email and/or through Kundu's counsel, Marc Gustafson; Plaintiff shall have fourteen (14) days to serve Arindam Kundu.

2. Defendant's Motion to Quash Service of Process and to Dismiss is **DENIED** (Doc. 32), is **DENIED**.

Signed: August 15, 2014

Robert J. Conrad, Jr.
United States District Judge