# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-225-RJC-DCK

| | |
|---|---|
| TITLE TRADING SERVICES USA, INC., | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) AND ORDER |
| ARINDAM KUNDU, COASTAL MANAGEMENT LLC, MARC PRESTON, SYED SAIF ASHRAF, DEREK CHIU, and ELIOT T. SMITH, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Coastal Management, LLC And Marc Preston's Motion To Dismiss Pursuant To Rules 9(b), 12(b)(2) and 12(b)(6)" (Document No. 34); "Defendant Syed Saif Ashraf's Motion To Dismiss" (Document No. 56); and Plaintiff's "Opposed Motion For Leave To File Surreply" (Document No. 73). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>denied</u> without prejudice to re-file, and will order that the motion for leave to file a sur-reply be <u>denied as moot</u>.

## I. BACKGROUND

Title Trading Services USA, Inc. ("Plaintiff" or "Title") initiated this action with the filing of its "Verified Complaint And Application For Temporary Restraining Order And Preliminary And Permanent Injunction" (Document No. 1) (the "Complaint") on April 29, 2014.

The "Complaint" asserts seventeen (17) causes of action against Arindam Kundu ("Kundu"), and/or Coastal Management, LLC ("Coastal"), Marc Preston ("Preston"), Syed Saif Ashraf ("Ashraf"), Derek Chiu ("Chiu"), and Eliot T. Smith ("Smith") (collectively "Defendants") (Defendants other than Kundu referred to collectively as "Non-Employee Defendants"). (Document No. 1).

Plaintiff, a financial technology and principal trading firm, asserts that its claims "arise out of a scheme to misappropriate and steal Title Trading's highly confidential and proprietary trade secrets and know how." (Document No. 1, p.1). Specifically, Plaintiff alleges that Defendants misappropriated its property, namely the RefArb Trading Strategy and computer source code associated with it. (Document No. 1). In addition to demanding a jury trial, Plaintiff moves for equitable relief, including enjoining Defendants from using any proprietary information obtained from Plaintiff. Id.

On May 2, 2014, this Court issued an Order under Rule 65(b) of the Federal Rules of Civil Procedure, restraining Defendants from all use of Plaintiff's intellectual property, including its Implementing Software and Executive Software. (Document No. 12). After one extension of the restraining order, the Court conducted a hearing on May 29, 2014 to determine whether to convert the restraining order into a preliminary injunction. At the hearing, this Court recognized that Plaintiff had made a sufficient showing for a preliminary injunction, but recognized the limits on the Court's authority to extend injunctive relief of indeterminate duration against parties who had not been served. (Document No. 61). Plaintiff announced that it had reached an agreement with Defendants Preston and Coastal to a stipulation adopting the terms of the temporary injunction. See (Document Nos. 22, 41, 42, 61). Following the hearing, Plaintiff entered into stipulations with four of the six defendants. See (Document Nos. 22, 41, 42, 61).

2

The Court noted that it would adopt the terms of the stipulation as a preliminary injunction of this Court. (Document No. 61, p.3).

Now pending before the Court are: "Defendants Coastal Management, LLC And Marc Preston's Motion To Dismiss Pursuant To Rules 9(b), 12(b)(2) and 12(b)(6)" (Document No. 34) filed on June 20, 2014; "Defendant Syed Saif Ashraf's Motion To Dismiss" (Document No. 56) filed July 25, 2014; and Plaintiff's "Opposed Motion For Leave To File Surreply" (Document No. 73). These motions are now ripe for disposition.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim

3

S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997).

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407

(4th Cir. 2004).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court

"should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Where a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Pursuant to Rule 9 of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III. DISCUSSION

Defendants Coastal, Preston, and Ashraf each seek dismissal of Plaintiff's "Verified Complaint" (Document No. 1) pursuant to Fed.R.Civ.P. 9(b), 12(b)(2), and 12(b)(6). (Document Nos. 34 and 56). The undersigned finds that Defendants raise some compelling concerns, particularly regarding the sufficiency of a RICO claim against all Defendants, and whether this Court, with or without the RICO claim, has jurisdiction over Coastal, Preston, and Ashraf.

Plaintiff has filed well-crafted and vigorous responses (Document Nos. 58 and 59) that are informed by different interpretations of the law and contend that their claims are more than plausible and should withstand the motions to dismiss. However, in conclusion, Plaintiff invites the Court to allow jurisdictional discovery and the opportunity to amend the Complaint.

(Document No. 58, p.25; Document No. 59, p.25). It does not appear that Defendants have indicated any direct objection to Plaintiff's proposed alternative. See (Document Nos. 63 and 66).

After careful consideration of all the papers and the record, the undersigned is persuaded that this matter should move forward with discovery and that Plaintiff should then be allowed to amend its Complaint. As such, the undersigned will direct the parties to hold an Initial Attorney's Conference and to file a Certification of Initial Attorney's Conference on or before February 17, 2015. See Local Rule 16.1. The parties' proposed discovery plan should include a deadline, after the completion of some initial discovery, to file an Amended Complaint.

## IV. RECOMMENDATIONS AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Coastal Management, LLC And Marc Preston's Motion To Dismiss Pursuant To Rules 9(b), 12(b)(2) and 12(b)(6) (Document No. 34) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Defendant Syed Saif Ashraf's Motion To Dismiss" (Document No. 56) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the "Opposed Motion For Leave To File Surreply" (Document No. 73) be **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall file their Certification of Initial Attorney's Conference on or before **February 17, 2015**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14)**

7

**days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: January 21, 2015

David C. Keesler
United States Magistrate Judge