UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-225-RJC-DCK

| TITLE TRADING SERVICES USA, INC. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ARINDAM KUNDU, COASTAL MANAGEMENT LLC, MARC PRESTON, SYED SAIF ASHRAF, DEREK CHIU, and ELIOT T. SMITH, | ) | |
| Defendants. | ) | |

**THESE MATTERS** come before the Court on Plaintiff Title Trading Services USA's (Title) Supplemental Motion for Clarification of Preliminary Injunction (Supplemental Motion) (Doc. No. 79).

Plaintiff, a financial technology and principal trading firm, filed suit in this Court on April 29, 2014. Specifically, Plaintiff alleged that Defendants misappropriated its property, namely the RefArb Trading Strategy and computer source code associated with it. (Doc. No. 1). In addition to demanding a jury trial, Plaintiff moved for equitable relief, including enjoining Defendants from using any proprietary information obtained from Plaintiff. On May 2, 2014, this Court issued an order restraining Defendants, under 65(b) of the Federal Rules of Civil Procedure, from all use of Plaintiff's intellectual property, to include its Implementing Software and Executive Software (the "Temporary Restraining Order"). (Doc. No. 12).

After one extension of the Temporary Restraining Order, the Court conducted a hearing on May 29, 2014 to determine whether to convert the Temporary Restraining Order into

1

a preliminary injunction. At the time of the hearing, proof of service of process had been entered against Defendants Marc Preston ("Preston"), Coastal Management LLC ("Coastal"), Derek Chiu ("Chiu") and Syed Saif Ashraf ("Ashraf"). Only Preston, Coastal, and Title Trading were represented by counsel at the hearing. No other Defendants appeared at the hearing personally or through counsel.

At the hearing, this Court recognized that Plaintiff had made a sufficient showing for a preliminary injunction, but recognized the limits on the Court's authority to extend injunctive relief of indeterminate duration against parties whom had not been served. Plaintiff announced that they had reached an agreement with Defendants Preston and Coastal to a stipulation adopting the terms of the temporary injunction. The Court noted that it would adopt the terms of the stipulation as a preliminary injunction of this Court.

Following the hearing, Plaintiff entered into stipulations with four of the six defendants. On May 30, 2014, Plaintiff entered into a stipulation with Coastal and Preston, agreeing to abide by the terms contained in the restraining order issued by this Court, but allowing Defendants to move to dismiss for lack of personal jurisdiction. (Doc. No. 22). Plaintiff later entered into similar stipulations with Defendants Chiu and Ashraf. (Docs. 41, 42). The Court has adopted, and does hereby adopt, the respective stipulations entered into by Coastal, Preston, Chiu and Ashraf and they are enforceable under their own terms as orders of this Court.

At the time of these actions Kundu and Smith had not been served. Since that time, Kundu and Smith have been served. (See Doc Nos. 70, 71, 78). As to Defendants Kundu and Smith, the Court has previously recognized that while Plaintiff has thus far made a sufficient factual showing to satisfy a preliminary injunction, the Court lacks personal jurisdiction over the parties sufficient to enforce a preliminary injunction until Kundu and Smith have been served with process. The

Court has previously advised Title that once Defendants Kundu and Smith have been properly served, the Court will, if requested, revisit Plaintiff's request for a preliminary injunction as to those parties. (Doc. No. 61). The Supplemental Motion of Title asks the Court to revisit this issue now that service has been completed, and the Court hereby GRANTS that motion and enters this preliminary injunction.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's **Motion for a Preliminary Injunction** under Federal Rule of Civil Procedure 65(b)(1) (Doc. No. 5) is **GRANTED** as against Arindam Kundu and Eliot Smith.

2. Arindam Kundu and Eliot Smith along with any Defendant Affiliate or Confederate are hereby **ORDERED** to preserve, and not alter, delete or otherwise modify any Title trade secrets (as defined in ECF Doc. 7-1 at 10), Kundu Generated IP, Implementing Software (as defined in Doc. 7-1 at 10), and Execution Software (as defined in Doc. 7-1 at 10), however embodied which any of them may possess or control; and

3. Arindam Kundu and Eliot Smith, and any Defendant Affiliate or Confederate are **RESTRAINED FROM and HEREBY ORDERED** to refrain from any further use, disclosure, or other communication of any sort regarding the contents of, any Title Trade Secret, Kundu Generated IP, Implementing Software, and Execution Software, however embodied and on whatever servers or computers any of such can be located; and

4. Arindam Kundu and Eliot Smith, and any Defendant Affiliate and Confederate are **RESTRAINED FROM and HEREBY ORDERED** to refrain from, the

expenditure, distribution, commitment, pledge, transfer, use or dissipation, of any money or property that is, constitutes or contains, the results of or proceeds from, any profits generated from the use of any Title Trade Secrets, Kundu Generated IP, Implementing Software, or Execution Software without leave of court.

5. This Order will be deemed effective immediately upon individual Defendants upon proper service of such Defendant.

6. All restraints ordered herein will remain in full force and effect until the disposition of this case, provided that nothing contained herein precludes Kundu and Smith from challenging the terms of injunctive relief described herein or requesting the Court to terminate the injunction against them.

7. The total amount of bond set in this matter is $500 for all of the injunctions entered against the Defendants, which amount has previously been posted by the Plaintiff.

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge