IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-225-RJC-DCK

| | | |
|---|---|---|
| TITLE TRADING SERVICES USA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| ARINDAM KUNDU, COASTAL MANAGEMENT LLC, MARC PRESTON, SYED SAIF ASHRAF, DEREK CHIU, and ELIOT T. SMITH, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on "Defendants Coastal Management, LLC And Marc Preston's Motion To Dismiss Pursuant to Rule 9(b), 12(b)(2) and 12(b)(6)," (Doc. No. 34); "Defendant Syed Saif Ashraf's Motion To Dismiss," (Doc. No. 56); Plaintiff's "Opposed Motion for Leave to File Surreply," (Doc. No. 73); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 84); Defendant's Objections, (Doc. No. 86); and Plaintiff's Responses (Doc. No. 87). It is ripe for review.

I.  **BACKGROUND**

Title Trading Services USA, Inc. ("Plaintiff" or "Title") initiated this action with the filing of its "Verified Complaint And Application for Temporary Restraining Order And Preliminary And Permanent Injunction" (Doc. No. 1) (the "Complaint") on April 29, 2014. The "Complaint" asserts seventeen (17) causes of action against Arindam Kundu ("Kundu"), and/or Coastal Management, LLC ("Coastal"), Marc Preston ("Preston"), Syed Saif Ashraf ("Ashraf"),

1

Derek Chiu ("Chiu"), and Eliot T. Smith ("Smith") (collectively "Defendants") (Defendants other than Kundu referred to collectively as "Non-Employee Defendants"). (Doc. No. 1)

Plaintiff, a financial technology and principal trading firm, asserts that its claims "arise out of a scheme to misappropriate and steal Title Trading's highly confidential and proprietary trade secrets and know how." (Doc. No. 1 at 1). Specifically, Plaintiff alleges that Defendant misappropriated its property, namely the RefArb Trading Strategy and computer source code associated with it. (Doc. No. 1). In addition to demanding a jury trial, Plaintiff moves for equitable relief, including enjoining Defendants from using any proprietary information obtained from Plaintiff. Id.

On May 2, 2014, this Court issued an order under Rule 62(b) of the Federal Rules of Civil Procedure, restraining Defendants from all use of Plaintiff's intellectual property, including its Implementing Software and Executive Software. (Doc. No. 12). After one extension of the restraining order, the Court conducted a hearing on May 29, 2014 to determine whether to convert the restraining order into a preliminary injunction. At the hearing, this Court recognized that Plaintiff had made a sufficient showing for a preliminary injunction, but recognized the limits on the Court's authority to extent injunctive relief of indeterminate duration against parties who had not been served. (Doc. No. 61). Plaintiff announced that it had reached an agreement with Defendants Preston and Coastal to a stipulation adopting the terms of the temporary injunction. (See Doc. Nos. 22, 41, 42, 61). Following the hearing, Plaintiff entered into stipulations with four of the six defendants. (See Doc. Nos. 22, 41, 42, 61). The Court noted that it would adopt the terms of the stipulation as a preliminary injunction of this Court. (Doc. No. 61 at 3).

Now pending before the Court are: "Defendants Coastal Management, LLC and Mare Preston's Motion to Dismiss Pursuant to Rules 9(b), 12(b)(2) and 12(b)(6)" (Doc. No. 34) filed on June 20, 2014; "Defendant Syed Saif Ashraf's Motion to Dismiss" (Doc. No. 56) filed July 25, 2014; Plaintiff's "Opposed Motion for Leave To File Surreply" (Doc. No. 73); and the Magistrate Judge's M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of facts and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Davis, 718 F.2d at 200.

## III. DISCUSSION

Defendant raises two objections to the Magistrate Judge's M&R. The first objection is that the Magistrate has given no analysis of the parties' arguments or reached a conclusion that the Plaintiff has met its jurisdictional burden. The Defendants also object to the Magistrate Judge's Order that discovery proceed without a finding that Plaintiff has met its threshold jurisdictional burden or analysis of the parties' arguments. Defendant asserts that no discovery should be permitted and if it is permitted, it should be strictly limited to specified jurisdictional issues.

District courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). It is "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts

3

with a forum state, [that] a court is within its discretion in denying jurisdictional discovery. Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 33 F.3d 390, 402 (4th Cir.). It is an abuse of discretion to deny jurisdictional discovery before ruling if plaintiff has made a substantial showing of contacts with the forum state. Id. Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone. See Patent Rights Protection Group, LLC v. Video Gaming Technologies Inc., 603 F.3d 1364, 1372 (Fed Cir. 2010) (district court abused its discretion in denying plaintiff jurisdictional discovery); SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5 (E.D.N.C. March 18, 2011) (allowing jurisdictional discovery and noting request for jurisdictional discovery typically should be granted "unless plaintiff's claim appears to be clearly frivolous"). Here, Plaintiff has requested the Court to allow jurisdictional discovery. (Doc. No. 58 at 25). This Court finds that Plaintiff has offered more than mere speculation or conclusory assertions about contacts with the state, but rather has made a substantial showing of contacts. For this reason, the Court affirms the Magistrate Judge's Order that Plaintiff should move forward with jurisdictional discovery; however, discovery will be limited to personal jurisdiction issues alone.

Plaintiff also requests the opportunity to amend their Complaint. (Doc. No. 59 at 25). FRCP 15(a)(2) provides that a court "should freely give leave" to amend a complaint "when justice so requires." The Fourth Circuit has held that a district court may deny leave to amend only if the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Labor v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Here, this Court finds no bad faith on the part of Plaintiff and that an opportunity to amend would not prejudice the opposing party. For this

reason, the Court affirms the Magistrate Judge's Order that Plaintiff should be allowed to amend its Complaint.

## IV. CONCLUSION

This Court **ADOPTS** the Magistrate Judge's M&R; however, discovery will be limited to personal jurisdiction issues.

**IT IS, THEREFORE, ORDERED** that:

1. "Defendants Coastal Management, LLC And Marc Preston's Motion To Dimiss Pursuant To Rules 9(b), 12(b)(2) and 12(b)(6)," (Doc. No. 34) be **DENIED WITHOUT PREJUDICE**;

2. "Defendant Syed Saif Ashraf's Motion To Dismiss," (Doc. No. 56) be **DENIED WITHOUT PREJUDICE.**

3. "Plaintiff's Opposed Motion For Leave To File Surreply," (Doc. No. 73) be **DENIED AS MOOT.**

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge