UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-225-RJC-DCK

| | |
|---|---|
| TITLE TRADING SERVICES USA, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ARINDAM KUNDU, COASTAL )<br>MANAGEMENT LLC, MARC PRESTON, )<br>SYED SAIF ASHRAF, DEREK CHIU, and )<br>ELIOT T. SMITH, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

## FINAL JUDGMENT AND AGREED PERMANENT INJUNCTION

**THIS MATTER** comes before the Court on the Agreed Joint Motion for Entry of Default, Final Judgment and Permanent Injunction (the "Motion"), (Doc. No. 97), filed by Plaintiff Title Trading Services USA Inc. ("Plaintiff") and Defendants Coastal Management LLC ("Coastal Management"), Marc Preston ("Preston"), Syed Saif Ashraf ("Ashraf"), and Derek Chiu ("Chiu") (collectively, the "Settling Defendants"). Having considered the Motion, the record in this case, and applicable law, the Court hereby **FINDS** as follows:

1. Plaintiff and the Settling Defendants have announced that they have resolved their differences in this action and in connection therewith have stipulated to the entry of this Final Judgment and Agreed Permanent Injunction.

2. Notwithstanding assertions of lack of personal jurisdiction previously made by Coastal, Preston, and Ashraf, such parties waive such defenses. Plaintiff and all Settling Defendants consent and submit to the continuing jurisdiction of this Court over this dispute as

resolved hereby, and therefore the Court finds that it has jurisdiction over the dispute and the parties thereto.

3. For purposes hereof, the following terms shall have the indicated meanings:

    a. The terms "Title Trade Secrets;" "Kundu Generated IP;" "Implementing Software;" and "Execution Software" shall all have the meanings as set forth and defined in the Verified Complaint, (Doc. No. 1); Memorandum of Law in Support of Application for Temporary Restraining Order and Preliminary Injunction, (Doc. No. 6); Declaration of George Elio, (Doc. No. 6-1); and Declaration of Seif El Kilany, (Doc. No. 6-2) (copies of which Memorandum and Declarations are incorporated by reference herein).

    b. The term "Enjoined Materials" shall mean all of Title Trade Secrets, Kundu Generated IP, Implementing Software, and Execution Software.

    c. The term "Affiliates or Confederates" means as to each Settling Defendant, all of its heirs, directors, officers, employees, agents, servants, representatives, shareholders, parent corporations, subsidiaries, affiliates, insurers, successors and assigns, and any and all other persons or entities in active concert or participation with any of them who receive actual notice of this Judgment and Injunction, whether by personal service, email, fax, or otherwise.

4. By execution hereof, each of the Settling Defendants does hereby declare under penalty of perjury that it has not conveyed, transferred, provided, or otherwise allowed anyone to have a copy of any of the Enjoined Materials at any time including without limitation any of its Affiliates or Confederates.

5. By execution hereof, each of the Settling Defendants does hereby declare under

penalty of perjury that any and all embodiments, reproductions, and/or copies of any of the Enjoined Materials in their possession, custody or control have been either (a) destroyed or (b) returned to Plaintiff. No further proof or evidence of such destruction or return need be provided by the Settling Defendants other than the declaration referenced.

**IT IS, THEREFORE, ORDERED** that:

1. Each Settling Defendant and all of their Affiliates and Confederates are hereby **PERMANANTLY ENJOINED AND RESTRAINED** from possessing, retaining, transferring, using, copying, disclosing, or revealing any of the Enjoined Materials at any time.

2. Plaintiff and each Settling Defendant shall each bear their own costs in connection with this action.

3. This Final Judgment and Agreed Permanent Injunction shall constitute the final judgment in this action as against each Settling Defendant, each of whom shall be deemed dismissed from any remaining claims in this case.

4. This Court retains jurisdiction to enforce this injunction.

5. The Bond previously posted by Plaintiff shall be released back to Plaintiff on the date hereof.

Signed: December 22, 2015

Robert J. Conrad, Jr.
United States District Judge